Judge Carr.
I3y contract under seal, it was agreed between Mrs. Wood and the appellant Mickie, that he should have, during her life, her land, negroes, &.c. he paying her therefor a stipulated annual sum. After her death, suit was brought on the contract by her executor against Mickie. On the trial of that suit, the Court instructed the jury, that this was a contract to pay a sum in gross, and not a rent: that, therefore, the rule did not apply, which refuses interest on rent in arrear. Under this instruction, the jury gave interest on the sum due. The appellant excepted to the opinion of the Court, and appealed from the judgment.
There can be no question, I think, that this is substantially a lease, and not a sale. Such was clearly the intention of the parties; and no set form of words is necessary to constitute a lease. It is equally well settled, that the sum stipulated to be paid, is to be taken as rent issuing out of the land; though there were slaves and other personal property included in the lease. This is decided in Newton v. Wilson, 3 Hen. & Munf. 470, and other cases in this Court, and by many English cases. The simple question then is, whether interest be of course recoverable on rent in arrear?
I have felt the full force of the remarks of the counsel for the appellee, shewing the different course of decision on the subject of interest, between the Courts of Westminster Hall, and ours; that there, interest is denied in all actions for money lent, goods sold and delivered, an account *573 stated, money had and received, &e. &c.; and that it is the same spirit which withholds it there, in the case of rent arrear: that with us, interest in all these eases, and indeed in almost all cases of a liquidated demand for money, is constantly allowed; and that, in conformity with this course, on rent arrear ought also to be allowed, where it is a monied rent, and fixed in amount.
I confess, I think this the substantial justice of the case; and if it were res integra, I should not feel much hesitation on the subject. But, every day’s experience impresses me more deeply with the importance of the maxim stare decisis. When this Court has had a question elaborately and repeatedly discussed before them, and have, upon consideration and re-consideration, decided in the same way, the circumstances must he strong indeed, and of rare occurrence, which, in my mind, would justify us in disturbing and unsettling the point. It is better for the community, that being once settled, it should remain, than that every Judge should feel himself at liberty to depart from it, in order to arrive at what he may consider more exact justice. Few questions have been more elaborately discussed by counsel, or more carefully considered by the Court, than this of interest upon rent arrear. Skipwith v. Clinch, 2 Call, 257; Newton v. Wilson, and Cook v. Wise, 3 Hen. & Munf, 483, re-considered, 500; Dow v. Adams’ adm’r. 5 Munf. 21, and several other eases. In this last case, (which, though briefly reported, we are told by the experienced counsel for the. appellant, was elaborately argued,) the decision is, “that although interest ought not to be given as of course, in actions for the recovery of rent, it may nevertheless be given under circumstances, to be judged of by the jury,” fee. Here 1 think it best that the point should .rest, and this ho taken as the law of the case.
I think, therefore, the Court below mis-directed the jury, and that the judgment should bo reversed, and the cause-sent back.
*574 Judge Green.
The question, whether interest is of course recoverable on rent 'n arrear, has been repeatedly and fully considered in this Court in the cases of Cook v. Wise, 3 Hen. & Munf. 463; Newton v. Wilson, Ib. 470, 500; Dow v. Adams’ adm’r. 5 Munf. 21, and other cases; and the rule is established by those cases, that it is not recoverable of course, but may be allowed under circumstances justifying such allowance. It was also decided in the case of Newton v. Wilson, in conformity to the^well settled doctrine in the English Courts, that a compensation stipulated to be paid for the use of land and personal property together, is not a sum in gross, but rent issuing out of the land. The Court below instructed the jury, that the rule in respect to interest upon rents in arrear, did not apply to the case before them, inasmuch as the contract was to pay a sum in gross, and not a rent. The contract has all the essentials of a demise by deed, with a reservation of rent. The defendant was to have the lands, slaves, &c., for a stipulated sum, to be paid annually during Mrs. Wood’s life; and no form is necessary to the validity of a lease. I think, therefore, the Court erred in the construction put upon the contract.
But, it is said, that upon the face of the contract,’ there is a circumstance which, of itself, would entitle the plaintiff to interest; since it may be inferred, that there was no personal property on the land, out of which the rent might have been made by distress, except that which belonged to the lessor, and was demised to the lessee. This may be so; and Mrs. Wood may not have had a reversion, so as to entitle her to distrain. But, whether these things were so or not, was proper for enquiry before the jury. The decision of the Court precluded any evidence from being given to the jury on these points. The judgment should be reversed, and the cause remanded for a new trial to be had therein.
*575 Upon a re-consideration of this case, with the aid of the notes of counsel, the contract is still considered as a contract of lease, and not of sale. If it were the latter, Mickie might have sold the interest of Mrs, Wood in the land, he., for her life, to any other; and the purchaser would not have been liable in any way for the payment of the sum stipulated to be paid annually to her. If a lease, he would have been responsible. If it was a sale for her life, she not being bound to warranty, if Mickie had been evicted by a paramount title, he would nevertheless have been bound to pay the annual sum stipulated to be paid. If a lease, he would have been discharged from that liability, or it would have been apportioned according to the circumstances of the case. The intention of the parties is to he considered; and the nature of the property, and the terms of the contract, shew satisfactorily that the parlies did not. intend the consequences of sale of the property for the life of Mrs. Wood; and that the negroes, &e. were intended to go with the land, for its cultivation.
The acts of Assembly directing an execution on an office judgment, founded on a bond, bill, or promissory note, or other writing for the payment of money or tobacco, to issue as well for interest until paid upon the principal sum due, from the lime it was due, as for the principal sum, and that the jury shall, in all actions upon contracts, if interest is allowed, fix the time when interest shall commence, have no direct application to such a case as this. There could be no final judgment in the office, in any action founded on this contract. To ascertain the sum due, it was ueeessarily to be shewn, at what time Mrs. Wood died; and this fact could not be determined by the clerk. The first of the acts aforesaid, only applies to cases in which a certain sum is, by the terms of the writing sued upon, payable unconditionally on a certain day. The annual sum, stipulated by this contract to be paid, was not payable unconditionally, but upon the condition that the party was not prevented by eviction, from enjoying the *576 property. The other act supposes the jury to have, in some cases which the act does not attempt to define, a discretion to allow interest, or not.
These acts, however, with the many cases mentioned in the notes of the plaintiff’s counsel, prove that the spirit of our laws is, to allow interest in almost all cases of a liquidated demand for money, and in very many cases, in which it is not allowed in England. If the question under consideration was a new one, or if the former decisions of the Court on this subject had passed without a deliberate examination of the subject, I should have inclined to think, that interest ought to be allowed, as a general rule, upon a fixed and stipulated rent; and that, more properly than in many cases, in which it is usually allowed. The cases, however, appear to have been carefully considered, and fix the rule that interest is not recoverable, of course, upon rent; but may be recovered, upon circumstances which justify the allowance. These precedents, I think, bind us, and the judgment formerly pronounced may be entered.
Judge Cabell concurred, and the judgment was reversed, and the cause sent back.*

 The President and Judge Coaster absent.